# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**No. 20-1406**

**September Term, 2021**
FILED ON: NOVEMBER 2, 2021

WINGLET TECHNOLOGY, LLC,
          PETITIONER

v.

FEDERAL AVIATION ADMINISTRATION,
          RESPONDENT

---

On Petition for Review of an Order
of the Federal Aviation Administration

---

Before: SRINIVASAN, *Chief Judge*, MILLETT, *Circuit Judge*, and GINSBURG, *Senior Circuit Judge*.

## J U D G M E N T

This petition for review was considered on the record from the Federal Aviation Administration and on the briefs and oral argument of the parties. The panel has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). It is hereby

**ORDERED AND ADJUDGED** that the petition for review be **DISMISSED**.

The Federal Aviation Administration (FAA) issues "supplemental type certificates" to regulate the safety and design of major modifications to certified aircraft. *See* 49 U.S.C. § 44704(b). Applicants who seek supplemental type certificates work with one of the FAA's many branch Aircraft Certification Offices (ACOs) on the certification process. FAA Advisory Circular 21-40A, ch. 1-7b (Sept. 27, 2007), FAA Br. A17.

Petitioner Winglet Technology, LLC, is a Kansas-based company that designs, markets, and helps certify winglets, which are vertical extensions of aircraft wingtips designed to reduce an aircraft's drag. In March 2019, Winglet filed an application with the branch ACO in Wichita, Kansas, seeking a supplemental type certificate to add winglets to the Bombardier Learjet Model 45. But after difficulties arose in the working relationship between Winglet and Wichita ACO staff, the FAA decided to reassign the pending application to its ACO in New York. The agency

explained its reasoning in a memorandum issued in June 2020 (the June memo). Winglet asked the FAA to rescind the June memo and send the application back to Wichita. In a September 2020 letter, the FAA denied Winglet's request.

Relying on 49 U.S.C. § 46110(a), Winglet now seeks review of the FAA's refusal to rescind the June memo. Winglet argues that the decision to reassign its supplemental type certificate application from Wichita to New York was arbitrary and capricious and not based in substantial evidence.

The FAA defends the reassignment of Winglet's application on the merits, but it also raises three threshold issues, each of which could bar judicial review. The agency argues that (i) Winglet lacks standing; (ii) the reassignment is not a final agency action subject to judicial review under § 46110; and (iii) the reassignment is a decision committed to agency discretion by law under 5 U.S.C. § 701(a)(2). We conclude that the reassignment is not a final agency action subject to judicial review and dismiss the petition on that basis.

As an initial matter, we note that we can address the final-agency-action question without first needing to resolve whether Winglet has standing. It is true that the question of standing goes to our jurisdiction, and that courts cannot simply assume they have jurisdiction and proceed to resolve the ultimate merits of a dispute. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998). But even if courts cannot resolve the merits of a dispute without assuring themselves of their jurisdiction, they can address certain non-jurisdictional "threshold question[s]" without assessing jurisdiction. *See, e.g.*, *Tenet v. Doe*, 544 U.S. 1, 6 n.4 (2005). We have described those threshold issues as ones that "can occasion a '[d]ismissal short of reaching the merits.'" *Kaplan v. Cent. Bank of the Islamic Republic of Iran*, 896 F.3d 501, 513 (D.C. Cir. 2018) (alteration in original) (quoting *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007)).

The Federal Aviation Act's finality requirement is precisely that kind of "non-jurisdictional, non-merits threshold defense[]." *Flytenow, Inc. v. FAA*, 808 F.3d 882, 889 (D.C. Cir. 2015) (citation omitted). It is a rule designed to "preclude judicial inquiry," *Tenet*, 544 U.S. at 6 n.4, and it "does not entail any assumption by the court of substantive 'law-declaring power.'" *Sinochem*, 549 U.S. at 433 (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999)). *See also In re Aiken County*, 645 F.3d 428, 434 (D.C. Cir. 2011) (noting prudential ripeness may be addressed before standing); *Nat'l Ass'n of Home Builders v. U.S. Army Corps of Eng'rs*, 417 F.3d 1272, 1281 (D.C. Cir. 2005) (referring to finality as the "statutory counterpart" to ripeness). We therefore may, and do, proceed directly to finality.

The statute authorizes judicial review of an FAA "order." 49 U.S.C. § 46110(c). We have explained that to constitute a reviewable "order" within the meaning of the statute, an agency decision must satisfy general principles of final agency action. *See Flytenow*, 808 F.3d at 888–89. As a result, to be a reviewable FAA action, the "agency disposition must mark the consummation of the agency's decisionmaking process, and it must determine rights or obligations or give rise to legal consequences." *Safe Extensions, Inc. v. FAA*, 509 F.3d 593, 598 (D.C. Cir. 2007) (citation and internal quotations omitted).

The agency decision over which Winglet seeks judicial review—the FAA's reassignment of Winglet's certificate application from one agency field office to another—does not determine

legal rights or obligations.  "[A]n agency order that a party proceed 'in one fashion rather than another'[] is not a final order."  *See Am. Train Dispatchers Ass'n v. ICC*, 949 F.2d 413, 414 (D.C. Cir. 1991) (quoting *Aluminum Co. of Am. v. United States*, 790 F.2d 938, 942 (D.C. Cir. 1986)).  The FAA's reassignment of Winglet's supplemental type certificate application is a requirement that Winglet proceed "in one fashion rather than another"—i.e., with the agency's New York ACO rather than the Wichita ACO.  *Id.*  The underlying certification process, and the agency's decision on Winglet's application, are still pending and awaiting the agency's final resolution.

Winglet contends that the FAA's reassignment is a final agency action because it denied Winglet the "right" to complete its application process with the nearest ACO.  But no such right exists.  In fact, the FAA's guidance on type certificates reminds applicants that the FAA may transfer certificate applications between its ACOs.  *See* FAA Advisory Circular 21-40A, ch. 1-7b, FAA Br. A17.  And if every such procedural determination along the way to the agency's decision on an application is itself a judicially reviewable final agency action, "then the doctrine of finality is . . . an empty box."  *Aluminum Co. of Am.*, 790 F.2d at 942.

Winglet also suggests that the decision not to rescind the June memo has legal consequences because, in describing the difficulties in the working relationship between the company's president and the Wichita ACO, the memo confers permanent reputational harm on the company.  Winglet does not explain, however, how that alleged harm would translate into the determination of a legal right or obligation.  Nothing in the June memo constrains the FAA's discretion when dealing with the company in the future.  *Cf. Ctr. for Auto Safety v. Nat'l Highway Traffic Safety Admin.*, 452 F.3d 798, 806, 811 (D.C. Cir. 2006).  And Winglet has made no showing of any actual prejudice or impact on its operations from the memo, let alone a cognizable legal consequence tied to its issuance.  *See id.*

In sum, we find that the FAA's reassignment of Winglet's application from one ACO to another does not constitute final agency action subject to judicial review under 49 U.S.C. § 46110.  Accordingly, we dismiss the petition for review.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing en banc.  *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(b).

**<u>Per Curiam</u>**


                                              **FOR THE COURT:**
                                              Mark J. Langer, Clerk

BY:    /s/
             Daniel J. Reidy
             Deputy Clerk